*In re* THORNTON

BROWN v THORNTON

Docket No. 128257. Submitted January 15, 1992, at Detroit. Decided
     February 3, 1992, at 9:15 A.M.

Wootie Thornton brought a medical malpractice action in the
     Wayne Circuit Court against several defendants. She then
     executed a will that specifically left any and all of the net
     proceeds from the malpractice action to her two daughters,
     Marilyn and Martha Thornton. Following the death of Wootie
     Thornton, Martha Thornton was named the personal represen-
     tative of her estate and amended the malpractice action to
     state an action for wrongful death. The case eventually was
     settled for $750,000. Pursuant to the wrongful death act, MCL
     600.2922; MSA 27A.2922, the circuit court, Kathleen MacDon-
     ald, J., found that seventy-five percent of the net proceeds
     represented damages for the decedent's conscious pain and
     suffering before her death and ordered that amount paid to the
     decedent's estate. The remaining twenty-five percent was dis-
     tributed to the decedent's mother, siblings, and nine children,
     for their loss of support and consortium. The Wayne County
     Probate Court, Freddie J. Burton, J., thereafter ordered distri-
     bution of the amount received by the estate for the decedent's
     pain and suffering to Marilyn and Martha Thornton pursuant
     to the specific bequest in the will. The decedent's seven sons
     appealed, and the circuit court affirmed the decision of the
     probate court. The sons appealed by leave granted from the
     circuit court's order.

     The Court of Appeals *held:*

     1. The specific bequest of the proceeds of the medical mal-
     practice action was not adeemed by the transformation of the
     malpractice action into a wrongful death action.

     2. Although the proceeds of the malpractice lawsuit did not
     exist at the time of the decedent's death, the chose in action did

REFERENCES
Am Jur 2d, Death §§ 371, 375; Wills §§ 1706, 1713.
See the Index to Annotations under Ademption; Death and Death
     Actions; Wills.

exist. The proceeds readily can be traced and are distributable under the will.

3. The wrongful death act does not require distribution of the proceeds of a wrongful death action according to intestate succession.

4. The damages for conscious pain and suffering, pursuant to MCL 600.2922(6)(d); MSA 27A.2922(6)(d), were payable to the estate. Thereafter, they should have been treated as any other asset of the estate. Because the decedent's will specifically directed how the proceeds of the lawsuit were to be divided, the will controlled the distribution.

5. The probate court properly rejected the untimely objections of the the decedent's sons concerning the admission of the decedent's will to probate.

Affirmed.

1. WILLS — ADEMPTION — MALPRACTICE — WRONGFUL DEATH.

A testator's specific bequest of the proceeds of the testator's medical malpractice lawsuit was not adeemed where, following the testator's death, the personal representative of the decedent's estate amended the action to state an action for wrongful death; neither the acts of a personal representative after the testator's death nor changes in the form of the property, unless substantial, cause ademption, and ademption does not apply where the will gives the legatee the proceeds of a specific fund (MCL 600.2921; MSA 27A.2921).

2. WILLS — WRONGFUL DEATH — DAMAGES — PAIN AND SUFFERING.

The wrongful death act does not preclude distribution according to a decedent's will of the damages recovered in a wrongful death action by the decedent's estate for the decedent's conscious pain and suffering (MCL 600.2922; MSA 27A.2922).

*Reifman & Glass, P.C.* (by *Steven W. Reifman*), for the plaintiffs.

*Gaylen Curtis,* for the defendants.

Before: HOOD, P.J., and SAWYER and FITZGERALD, JJ.

SAWYER, J. Plaintiffs appeal by leave granted from an order of the circuit court that affirmed an order of the probate court concerning the distribu-

tion of certain assets of decedent's estate under the last will of the decedent. We affirm.

At the time of decedent's death, she had already commenced a malpractice action relating to her terminal cancer. Following her death, the action was amended to become a wrongful death action. The matter was eventually settled for $750,000. Pursuant to the wrongful death act, MCL 600.2922; MSA 27A.2922, the circuit court entered an order distributing the proceeds of the action. The court found that seventy-five percent of the net proceeds, or $362,043.70, represented damages for the decedent's conscious pain and suffering for four years before her death, and this amount was paid into her estate. The remaining twenty-five percent was distributed to decedent's mother, four siblings, and nine children. The children received the bulk of this distribution, with each child receiving an equal share.

At issue is the provision of paragraph 2 of decedent's will, which provides as follows:

> I specifically give and bequeath to Marilyn Thornton and Martha Thornton, my daughters, share and share alike, any and all of the net proceeds from a present malpractice case known as *Thornton vs Swarin et al* presently in Wayne County Circuit Court being No. 85-525-291 wherein I am the plaintiff and request and authorize the court to direct distribution in accordance with this specific bequest.

The $362,043.70 paid to the estate for decedent's conscious pain and suffering was distributed under this provision of the will to decedent's two daughters. None of decedent's seven sons received any part of this portion of the settlement. The decedent's sons, plaintiffs herein, challenge the distribution of the damages for conscious pain and

suffering under the provisions of paragraph 2 of decedent's will. Both the probate court and the trial court ruled in favor of defendants, the beneficiaries under paragraph 2 of the will.

Plaintiffs' primary argument is that the specific bequest in pagagraph 2 of the will became adeemed by the transformation of the medical malpractice action into a wrongful death action. We disagree. The principle of ademption is succinctly explained in Atkinson, Law of Wills (2d ed), § 134, p 741:

> A testamentary gift of testator's specific real or personal property is adeemed, or fails completely, when the thing given does not exist as part of his estate at the time of his death. The doctrine now generally applies regardless of the intention of the testator, though if the change in the property is not substantial, there is no ademption.

Of relevance to this action is § 2921 of the Revised Judicature Act, MCL 600.2921; MSA 27A.2921, which reads as follows:

> All actions and claims survive death. Actions on claims for injuries which result in death shall not be prosecuted after the death of the injured person except pursuant to the next section. If an action is pending at the time of death the claims may be amended to bring it under the next section. A failure to so amend will amount to a waiver of the claim for additional damages resulting from death.

Decedent's malpractice action would, thus, survive her death, but had to be amended to a wrongful death action in order to recover any damages resulting from her death. The action was so amended.

Plaintiffs argue that the property bequeathed in

the will, the proceeds of the malpractice action, was destroyed by decedent's death and the changing of the action into a malpractice action. We disagree.

First, ademption does not apply where the will gives the legatee the proceeds of a specific fund. *In re Manshaem's Estate,* 207 Mich 1, 11; 173 NW 483 (1919) (ademption does not apply where "the proceeds of a certain property and not the property itself is the subject of the gift"); Atkinson, *supra,* p 744 ("[i]f the will, however, gives the latter the proceeds of a specific fund, the legatee is entitled to this money if it can be traced"). In this case, the will bequeathed the proceeds of the lawsuit to defendants.

Second, acts of the personal representative after the testator's death do not work an ademption. Atkinson, *supra,* p 745. In this case, decedent's death did not itself transform the action into a wrongful death action. Rather, the action was so amended by the personal representative so that damages resulting from the death could be recovered as required by § 2921 of the Revised Judicature Act.

Third, changes of form of the property, unless substantial, do not cause an ademption. Atkinson, *supra,* p 747. Although the action was amended to become a wrongful death action following decedent's demise, the action nevertheless remained based upon the allegations of malpractice. Furthermore, as will be discussed below, only the damages relating to decedent's conscious pain and suffering were distributed by the estate under the will. It is reasonable to presume that these represent the same damages to which decedent would have been entitled had the malpractice action been resolved before her death.

For these reasons, we conclude that the specific

bequest of the proceeds of the lawsuit was not adeemed.

Plaintiffs also argue that the bequest must fail because the proceeds of the lawsuit did not exist at the time of decedent's death. We disagree. While it is true that the proceeds did not exist at the time of decedent's death, the chose in action did exist. As discussed above, the proceeds can be readily traced and, therefore, are distributable under the will. *Manshaem's Estate, supra.*

Plaintiffs next argue that the wrongful death act precludes distribution of the proceeds of the lawsuit by will and that the wrongful death act requires distribution by intestate succession. We disagree.

Contrary to plaintiffs' argument, nothing in the wrongful death act requires distribution of the proceeds of a lawsuit according to intestate succession. MCL 600.2922(6)(d); MSA 27A.2922(6)(d) provides for the payment of certain debts, arising from the medical and burial expenses of the deceased, from the proceeds of the wrongful death action and then provides for the distribution of the remaining proceeds as follows:

> The court shall then enter an order distributing the proceeds to those persons designated in subsection (3) who suffered damages and *to the estate of the deceased for compensation for conscious pain and suffering,* if any, in the amount as the court or jury considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased. If there is a special verdict by a jury in the wrongful death action, damages shall be distributed as provided in the special verdict. [Emphasis added.]

As can be seen, no mention is made of how damages for pain and suffering are to be distributed by

the estate. There is no reason to believe that distribution cannot or should not be controlled by the will if the decedent died testate.

Furthermore, distribution of the damages related to the wrongful death itself (i.e., the damages to those individuals other than decedent who suffered a loss because of the decedent's death) under subsection 3 lends no support to plaintiffs' argument. MCL 600.2922(3)(a); MSA 27A.2922(3)(a) does control which individuals may receive damages in a wrongful death action and generally conforms to the laws of intestate succession. However, subsection 3(c) provides that "persons who are devisees under the will of the deceased" and "those persons who are designated in the will as persons who may be entitled to damages under this section" are entitled to damages. Thus, provisions of a will are relevant to distributing the damages attributable to loss of support and consortium.

Of course, the court is not bound by a will in distributing those damages. Ultimately, under subsection 6(d) the court must decide upon the appropriate distribution. However, the fact that the statute specifically allows a will to name individuals entitled to receipt of damages defeats plaintiffs' argument that distribution must be by intestate succession.

For these reasons, we conclude that the lower courts correctly decided the issue concerning the distribution of the damages for conscious pain and suffering. By statute, these damages are payable to the estate. Thereafter, they are to be treated as any other asset of the estate: distributed according to the will if the decedent died testate and according to the Revised Probate Code if the decedent died intestate. Because the decedent's will specifically directed how the proceeds of the lawsuit were

to be divided, the will controlled the distribution.[1] Indeed, if the Legislature had wished to control the distribution of the damages resulting from a decedent's conscious pain and suffering, the statute would have provided for the trial court to distribute those damages as well, rather than merely requiring that those damages be paid to the estate.

Finally, plaintiffs argue that the probate court erred in rejecting their objections to the admission to probate of decedent's will. The objections filed by plaintiffs were untimely because they were not filed at or before the hearing regarding the admission of the will. MCL 700.148; MSA 27.5148. Plaintiffs essentially raise a policy argument: that they should not be held to the strict requirements of the statute because, at the time for the filing of objections, there was nothing of value in the estate other than the as-of-then unresolved lawsuit. Plaintiffs suggest that it would have been a waste of time to fight over the admission of the will because the estate may never have been worth anything. Plaintiffs argue that they should have been permitted to raise their objections later, after it became apparent that there was something of value in the estate. We disagree.

First, the Legislature established the time limit for filing objections. It is not this Court's place to create exceptions to the statute. It is for the Legislature to determine the appropriateness of any exceptions. Second, although there is a certain amount of logic in plaintiffs' argument that it is only a waste of the court's time and the litigant's money to fight over an estate that may prove

---

[1] Plaintiffs raise a related argument that enforcement of the specific bequest in the will is impossible because the statute directs the court to distribute the proceeds, other than the damages attributable to pain and suffering. However, it is not impossible because the damages for pain and suffering are paid to the estate and, therefore, may be distributed in accordance with the will.

valueless, this does not compel the conclusion that the time for filing objections should be extended. Rather, the approach that satisfies both these concerns and the statute is to require the filing of the objections by the deadline and, thereafter, the probate court can determine whether the interests of all concerned would be best served by holding an immediate hearing on the objections or to delay the hearing until after the value of the estate has been determined (i.e., after the resolution of the litigation the estate is involved in).

For the above reasons, we conclude that the circuit court correctly affirmed the decision of the probate court.

Affirmed. Defendants may tax costs.